IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLISLE & I40, LLC,

    Plaintiff,

vs.                                                              No. 1:23-CV-00784

WHOLE FOODS MARKET ROCKY
MOUNTAIN/SOUTHWEST, L.P.,
WFM-WO, INC., and ROBERT CROUSE,

    Defendants.

## NOTICE OF REMOVAL

Defendants Whole Foods Market Rocky Mountain/Southwest, L.P., WFM-WO, Inc. and Robert Crouse ("Defendants"), by and through their undersigned counsel, hereby give notice of the removal, pursuant to 28 U.S.C § 1446, of the above-captioned action from the Second Judicial District Court of Bernalillo County, State of New Mexico, to the United States District Court for the District of New Mexico, on the grounds set forth below. Defendant files this Notice without waiving any defenses, exceptions, or obligations that may exist in his favor in state or federal court. This Court has original jurisdiction over this action under 28 U.S.C § 1446 because the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this removal, Defendant states as follows:

### I.    INTRODUCTION

1. On August 4, 2023, Carlisle & I40, LLC ("Plaintiff") filed their Complaint for Willful Breach of Contract and Bad Faith Response, Cause No. D-202-CV-2023-06255, against Defendants, Whole Foods Market Rocky Mountain/Southwest, L.P., WFM-WO, Inc.("WFM") and Robert Crouse, in the 2nd Judicial District Court of Bernalillo County,

State of New Mexico. Plaintiff alleges a Breach of Contract and Bad Faith Response against the Defendants.

2. Defendant WFM was served by Plaintiff through CT Corporation System in Espanola, New Mexico on August 14, 2023.

3. Plaintiff effectuated service of the Complaint on Defendant Crouse on August 30, 2023.

4. Less than thirty days have passed since Defendants were served. Therefore, removal is timely pursuant to 28 U.S.C § 1446.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

5. The United States District Court for the District of New Mexico is the Federal Judicial District encompassing the Second Judicial District Court for Bernalillo County, New Mexico, where this lawsuit was originally filed. Venue is therefore proper in this District under 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C § 1446, copies of the Complaint, Summonses, and all other pleadings filed in the Second Judicial District are attached hereto as Exhibit A.

7. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the properly joined parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

## III. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND THE PROPER DEFENDANT

8. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides for original jurisdiction over lawsuits where there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and

costs, exceeds $75,000. See 28 U.S.C. § 1332(a); *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000); *Symes v. Harris*, 472 F.3d 754 (10th Cir. 2006).

9. Diversity jurisdiction is determined "based on the facts as they existed at the time the complaint was filed." *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011). Under 28 U.S.C. § 1332, "[d]iversity for purposes of jurisdiction of federal court means total diversity, that is, all parties on one side must have citizenship diverse to those on the other side." *Knoll v. Knoll*, 350 F.2d 407 (10th Cir. 1965).

10. Upon information and belief, as alleged by Plaintiff in their Complaint, Plaintiff is a domestic limited liability company with its principal place of business in Bernalillo County, New Mexico. See Plaintiff's Complaint ¶ 1.

11. Defendant WFM is/was at the time this suit was commenced Texas Limited Partnerships. The principal place of business for the entities mentioned above is Austin, Texas. Accordingly, Defendant WFM is not citizens of the State of New Mexico for diversity purposes. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business."); see also Ravenswood Inv. Co., 651 F.3d at 1222 (10th Cir. 2011) (limited partnership is citizen of every state in which any of its partners is a citizen).

12. Thus, there is complete diversity of citizenship between Plaintiff and Defendant WFM as required by 28 U.S.C. § 1332.

### IV.     FRAUDULENT JOINDER

13. A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction. See *Am. Nat"l Bank & Trust Co. v. Bic Corp*., 931 F.2d 1411, 1412 (10th Cir. 1991); *Hernandez v. Menlo Logistics, Inc.,* No. CIV 12-0907 JB/WPL, 2013 WL 5934411, at *14-17 (D.N.M. Sept. 30, 2013)(Browning, J.).

14. "To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty." *Couch v. Astec Indus., Inc.*, 71 F. Supp. 2d 1145, 1146-47 (D.N.M. 1999)(Baldock, J.).

15. To establish fraudulent joinder, the removing party must establish that the cause of action against the fraudulently joined party would fail state court analysis. *McDaniel v. Loya*, 304 F.R.D. 617, 622 (D.N.M. 2015) citing *Hart v. Bayer Corp.,* 199 F.3d 239 (5th Cir.2000).

16. Plaintiffs fail to state a claim against Defendant Crouse upon which relief can be granted and there exists no good faith basis to bring the action against Defendant Crouse. *McDaniel v. Loya*, at 622 and *Zufelt v. Isuzu Motors Am.*, L.C.C., 727 F. Supp. 2d 1117, 1124 (D.N.M. 2009).

17. The Lease Agreement in question in this case was initially entered into on August 24, 1998 between Randy's Investments, LLC and Wild Oats Markets, Inc. ("Lease").  (See Lease Attached as Exhibit "A.")  Plaintiff and WFM are successors in interest to the original parties of the lease. The Lease is incorporated by reference in the Complaint and is central to Plaintiff's claim to which judicial notice is proper.  *See*, *Gallegos v. Bernalillo Cnty. Bd. of Cnty. Commissioners*, 278 F. Supp. 3d 1245, 1259 (D.N.M. 2017).

18. Defendant Crouse was not and never has been an employee of Wild Oats Markets, Inc. (Affidavit of Robert Crouse attached as Exhibit "B.") Crouse was not a party to the lease negotiations between Plaintiffs and Defendants WFM. (Id.) Crouse has never had any involvement in disputes with the landlord over the issues raised in the lawsuit. (Id). Crouse's involvement has been limited to occasionally walking various third-party contractors around the store. (Id.)

19. Defendant Crouse is "the store manager of the Whole Foods market located at the Property…". (*See* Id. and Plaintiff's Complaint ¶ 4.)

20. Plaintiffs' Complaint make no specific allegations against Defendant Crouse specifically. (*See* Plaintiff's Complaint ¶ 13,14,20.)

21. As store manager, Defendant Crouse is not involved in lease negotiations, nor tenant improvement negotiations on behalf of Defendant WFM. (Exhibit "B.")

22. There is no allegation of agency between Defendant Crouse and Defendant WFM. *See* Plaintiff's Complaint.

23. Plaintiff's Complaint makes no allegations that Defendant Crouse has any individual obligations under the Lease. (*See* Plaintiff's Complaint.) The Lease itself makes no reference to Defendant Crouse, nor in any way obligates him to personally perform any of the terms of the Lease. (See Exhibit A.) Further, neither Plaintiff's Complaint nor the Lease contain any provision under which Defendant Crouse could be personally liable for any of the alleged breaches. (*See* Plaintiff's Complaint, Exhibit A.*)*

24. Because Plaintiff makes no allegation directly against Defendant Crouse individually, or through which Defendant Crouse could be held personally liable, Defendant Crouse was improperly joined in this action solely for the purposes of defeating diversity removal and

his citizenship should be ignored for purposes of determining diversity, and he should be dismissed from this case.

## V. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

25. The amount in controversy requirement is clearly satisfied in this case.

26. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

27. Plaintiffs seek damages in excess of $338,464.00. See Plaintiff's Complaint ¶12 and 16. Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C § 1332, which provides for original jurisdiction over lawsuits where there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. See 28 U.S.C. § 1332(a); Johnson v. Rodrigues, 226 F.3d 1103, 1107 (10th Cir. 2000); Symes v. Harris, 472 F.3d 754 (10th Cir. 2006).

## VI. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

28. As set forth above, Defendants were served in this case on August 14, 2023, and August 30, 2023, respectively. This Notice of Removal is filed within thirty days of service upon Defendants and, therefore, removal is timely. *See* Exhibit A.

29. The prerequisites for removal under 28 U.S.C. § 1446 have been met.

30. Pursuant to 28 U.S.C. § 1446(a), a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the Second Judicial District Court for Bernalillo County, New Mexico.

31. If any question arises as to the propriety of removal of this action Defendants request the opportunity to present a brief and request oral argument in support of removal.

32. By filing this Notice of Removal, Defendants do not waive any defenses or rights.

WHEREFORE, Defendants Whole Foods Market Rocky Mountain/Southwest, L.P., WFM-WO, Inc., and Defendant Crouse respectfully requests that this Court assume jurisdiction of the above-described action now pending in the 2nd Judicial District Court of Bernalillo County, State of New Mexico, pursuant to 8 U.S.C. § 1441.

                Respectfully submitted by,

                THE SIMONS FIRM, LLP

By:   */s/ Quinn Scott Simons*
       QUINN SCOTT SIMONS
       P.O. Box 5333
       Santa Fe, New Mexico 87502-5333
       (505) 988-5600
       qsimons@simonsfirm.com
       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing pleading has been served on all attorneys of record in this cause of action on September 13, 2023:

Jerrald J. Roehl
The Roehl Law Firm, P.C.
Third Central Plaza
300 Central Ave SW, Suite 2500 East
Albuquerque, NM 87102
(505) 242-6900
jerry@roehl.com
*Attorney for Plaintiff*

                */s/ Quinn S. Simons*